**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-016S |
| | ) | |
| DANIEL SHEPARD | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S REQUEST FOR A SPECIAL VERDICT FORM ON COUNT I OF THE INDICTMENT**

Comes now the United States of America, by and through its attorneys, ROBERT CLARK CORRENTE, United States Attorney, and Craig N. Moore and Adi Goldstein, Assistant United States Attorneys, and hereby objects to Defendant's motion for a special verdict on Count I of the Indictment for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 10th of June 2005, I served a copy of the within Government's Objection to Defendant's Request For A Special Verdict Form On Count I of the Indictment, with accompanying Memorandum of Law, by hand delivering same, to:

Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

Paulette E. Gamache

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
)
vs. ) Cr. No. 05-016S
)
DANIEL SHEPARD )

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION**

Defendant asks the Court for a special interrogatory to the jury on Count I of the Indictment. Specifically, the Defendant seeks to require the jury to decide, unanimously, whether the defendant's possession of the handgun in Woonsocket, or defendant's possession in Providence, or both, forms the basis for conviction of Count I. Defendant offers no legal basis for this request. This request is without merit and should be denied.

Count I of the Indictment charges the defendant with unlawfully possessing a firearm on November 9, 2004. The issue is simple: did the Defendant, at any time on November 9, 2004, possess a firearm? Any possession of a firearm by the defendant on that date would support a conviction on this charge. Neither the government, nor the jury, must elect the precise moment of possession: it can be the moment when the Defendant pointed the gun at Mr. Rodriguez; the moment when Defendant struck Mr. Alvarado's head with the gun; the moment when the Defendant shot Mr. Alvarado; the time during which Defendant carried his gun from the scene of the carjacking in Woonsocket to Providence, or the time when Defendant was observed throwing his gun into Defendant's mother's car, moments before his arrest. All of these events constitute *evidence* of the Defendant's possession of the firearm specified in the Indictment on

the date specified in the Indictment. See United States v. Dodson, 2 F.3d 1158 (9th Cir. 1993) (unpublished decision) ("the various alleged incidents during the time period did not constitute separate crimes. Rather, each incident was merely evidence of the single crime of possession of the firearm.")

Possession of a firearm by a convicted felon is a continuous offense. See, e.g, United States v. Martin, 203 F.3d 836 (Table), 2000 WL 33526 (10th Cir.(Okla.)) (unpublished decision), cert. denied 529 U.S. 1123, 120 S.Ct. 1994, (2000) (only one conviction for felon in possession where defendant committed multiple armed robberies with the same gun within two days of each other); see also United States v. Horodner, 993 F.2d 191, 193-94 (9th Cir.1993) (uninterrupted possession of handgun spanning separate dates constitutes only one § 922(g) offense); United States v. Jones, 533 F.2d 1387, 1389-92 (6th Cir.1976) ("possession is a course of conduct not an act," fact that the government can prove that defendant possessed gun on three different days is arbitrary and is punishable as one offense.) The Eleventh Circuit said it best in United States v. Rivera, 77 F.3d 1348, 1351 (11th Cir. 1996):

> Although the indictment charges two dates of possession in the conjunctive, the Government is not required to prove possession on both dates to establish a violation of 18 U.S.C. § 922(g)(1). The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunction . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged. Turner v. United States, 396 U.S. 398, 420 (1970) . . . Proof of possession of a firearm as a convicted felon on one day within an alleged continuous possession is sufficient to support a conviction.

The First Circuit has also rejected this type of claim in the analogous situation where a defendant is charged, in one count, with possession of multiple firearms. In that case, the First Circuit upheld the district court's refusal to instruct the jurors that they had to agree unanimously

on at least one firearm. In support of its ruling, the First Circuit stated "A federal criminal jury must unanimously agree on each 'element' of the crime in order to convict, but need not agree on all the 'underlying brute facts [that] make up a particular element.' The crucial distinction is thus between a fact that is an element of the crime and one that is 'but the means' to the commission of the element." United States v. Verrecchia, 196 F.3d 294, 298-99 (1st Cir. 1999) (citing Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 1710 (1999)); see also United States v. Reeder, 170 F.3d 93, 105 (1st Cir. 1999); United States v. DeJohn, 368 F.3d 533, 540-41 (6th Cir. 2004). This ruling applies to this case with equal force. The time of day of the possession, who witnessed the possession, and where it took place, are not elements of the offense but are evidence of the fact of possession. Indeed, in a case very similar to this one, tried before Judge Lagueux in January 2003, this was not even raised as an issue. In that case, United States v. Sabetta, the defendant was charged in a one-count Indictment with being a felon in possession of a firearm. Evidence at trial showed that the defendant was seen in possession of the firearm on three different occasions on September 1, 2003. The first was during the early morning hours, the second time it was in the early afternoon, the third was late at night–at the time of arrest. Each time was also at a different place. As in this case, the possession was charged in a single count. There was no special instruction of the jury. The conviction was upheld by the First Circuit in United States v. Sabetta, 373 F.3d 75 (2004).

In sum, the government believes that no special instruction is warranted. Special verdict forms are disfavored in criminal trials. They are confusing to the jury, and they invade the province of the jury to return a general verdict without having to render a number of subsidiary findings. See, e.g, United States v. Southard, 700 F.2d 1 (1st Cir. 1983). In this case, especially,

there is absolutely no need for it. The charge is the simple one, as is the evidence in support of that charge. We are talking about a single day and a single firearm. Finally, as stated earlier, the defendant has no legal authority for his request. For all of these reasons, the defendant's request for a special verdict should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

CRAIG N. MOORE
Assistant U.S. Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 10th of June 2005, I served a copy of the within Government's Objection to Defendant's Request For A Special Verdict Form On Count I of the Indictment, with accompanying Memorandum of Law, by hand delivering same, to:

Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

Paulette E. Gamache