UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-16S |
| | : | |
| DANIEL SHEPARD | : | |

**MOTION IN LIMINE**

The United States moves the Court to rule in advance on three (3) points of evidence in the interest of conserving the jury's time, and in the interest of avoiding error before the jury. The reasons in support of this motion are set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2005, I caused to be forwarded via facsimile, a true cop of the within Government's Motion in Limine to:

Kevin Fitzgerald, Esq.
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

K Anderson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

FILED
JUN 1 0 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : CR. No. 05-16S
:
DANIEL SHEPARD :

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE**

The United States has filed a Motion in Limine asking the Court for pre-trial rulings on three (3) points of evidence. These are:

1. The admissibility of testimony about how the victim, Alexander Alvarado, knew the defendant, that includes reference to the defendant's prior incarceration at the ACI;

2. The use of prior convictions to impeach witnesses or the defendant in the event he testifies; and

3. The use of Mr. Alvarado's probation and employment records.

The government addresses each of these points below.

## I. Testimony About Prior Incarceration

The anticipated testimony is extremely relevant and not as prejudicial as it may first appear. In fact, it really is no more prejudicial than a fact the defendant has already agreed to stipulate to, namely, that he has previously been convicted of a felony.

The witness will be Mr. Alvarado, the man whom the defendant shot on November 9th. In substance, his testimony will concern the following details:

Alvarado is expected to testify that he had met the defendant on at least two occasions prior to November 9, 2004. The first was when the defendant gave him a ride in a car that was

reported stolen. The car was pulled over by the police. Alvarado explained his situation and, after speaking with him about it, the police let him go.

Subsequently, as Alvarado himself will testify, he has been arrested before and has been in prison twice. While there, he saw "Shep" from time to time. They never really talked and Alvarado never considered himself to be friends with the defendant but was familiar with his face from the ACI.

As the Court is aware, the defense has made an issue of identity in this case from the outset. For that reason alone, the testimony is highly relevant and probative. The government is obviously permitted to show to the jury that Alvarado had prior contact with the defendant and thus could easily identify him. It also has a bearing on the circumstances of the carjacking and shooting in that Alvarado had not seen the defendant after being released from the ACI until the defendant came to see him.

Obviously, the Court needs to balance any potential prejudice under Rule 403 of the Federal Rules of Evidence. Here, there is virtually none. The defense has already agreed to stipulate that the defendant has previously been convicted of a felony. It could hardly come as a surprise that he may have been sentenced to a prison term, and there is no need to go beyond that bare fact to complete the evidence about Alvardo's knowledge of the defendant.

## II. <u>Prior Convictions</u>

Here, the government asks the Court to limit the convictions the parties may use, if at all, for impeachment purposes under Rule 609 of the Federal Rules of Evidence. Under that rule, of course, the Court must consider the probative value of a prior conviction against potential prejudice before the parties are free to use any conviction. That said, the government believes it

would be helpful to identify the convictions we anticipate will be involved.

The convictions which, in the government's view, should be allowed for impeachment purposes are the following:

**<u>Daniel Shepard</u>**

| | | |
|---|---|---|
| 1) | 9/12/97 | Driving vehicle without consent of owner |
| 2) | 12/10/97 | Attempted larceny from the person |
| 3) | 3/6/98 | Possession of a stolen motor vehicle |
| 4) | 2/5/04 | Possession of a stolen motor vehicle |
| 5) | 4/23/04 | Possession of a controlled substance (cocaine) |

**<u>Alexander Alvarado</u>**

| | | |
|---|---|---|
| 1) | 4/23/03 | Breaking and entering a dwelling |
| 2) | 6/11/03 | Possession of stolen motor vehicle parts |

All of the foregoing were charged and ultimately prosecuted as felonies. They are all within the ten (10) year period specified in Rule 609.

There are other convictions of both the defendant and Mr. Alvarado. They are, however, misdemeanors. In the government's view, they should be disallowed.

**<u>Defendant, Daniel Shepard</u>**

1) 5/16/03 Fraudulent checks over $100
2) 5/27/03 Possession of marijuana
3) a series of driving offenses including failure to stop, driving on a suspended license, driving without a license, etc.

**<u>Alexander Alvarado</u>**

1) 6/5/02 Larceny under $500
2) 7/26/02 Receiving stolen property under $500
3) 9/16/03 Possession of marijuana
4) a series of driving related offense including driving with a suspended license, reckless driving and the like.

In addition, Nicholas Rodriguez has a conviction for simple assault/domestic and larceny under $500 (same offense conduct), both misdemeanors, on 9/13/2001. Rodriguez has also been convicted twice for driving with a suspended license on 5/6/03 and 5/14/03. The government does not believe that any of these convictions fall under Rule 609.

## III. Probation and Employment Records

The government has received the probation and certain employment records subpoenaed by the defense. In the government's view, these records are marginally relevant at best. They certainly shed no light on the offense. As potential impeachment, they have barely any more probative value. And, to the extent they are probative of credibility, any value is far outweighed by the risk of confusing the jury. Stated simply, this is the trial of a case against the defendant, not Mr. Alvarado, Mr. Rodrigues, or any other government witness. The Court should therefore disallow their use.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2005, I caused to be forwarded via hand delivery, a true cop of the within Government's Motion in Limine to:

Kevin Fitzgerald, Esq.
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

K Anderson