MANDATE

05-00016
USDC-RIPR
J. Smith

# United States Court of Appeals
## For the First Circuit

---

No. 05-2352

UNITED STATES OF AMERICA,

Appellee,

v.

DANIEL SHEPARD,

Defendant, Appellant.

2006 MAY 24 A 11: 12

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

JUDGMENT

Entered: May 3, 2006

Defendant-Appellant Daniel Shepard was charged in the United States District Court for the District of Puerto Rico with carjacking, use of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. When the prosecution's two victim-witnesses failed to come to court on the day of trial, the defendant pled guilty to the possession charge while the government terminated the other two counts. After an evidentiary sentencing hearing with judicial factfinding on applicable adjustments under the United States Sentencing Guidelines, defendant received the statutory maximum sentence of imprisonment - 120 months.

We address the defendant's arguments with appropriate economy, mindful of our stated view that "[s]entencing appeals prosecuted without discernible rhyme or reason, in the tenuous hope that lightning may strike, ought not to be dignified with exegetic

opinions, intricate factual synthesis, or full-dress explications of accepted legal principles." United States v. Ruiz-Garcia, 886 F.2d 474, 477 (1st Cir. 1989).

Defendant asserts that the use of hearsay evidence at his sentencing hearing violated his Sixth Amendment right to confront witnesses. We understand that defendant means to preserve an issue by raising this argument, although his contention is foreclosed by our decision in United States v. Luciano, 414 F.3d 174, 178-179 (1st Cir. 2005)(right to confront witnesses at criminal trial does not extend to sentencing hearing).

Defendant also urges this court to exercise its 'supervisory power' in accordance with the 'doctrine of constitutional avoidance' by requiring that judicial factfinding at sentencing hearings meet the reasonable-doubt standard. We decline this invitation, as we perceive no cogent reason for departing from the established practice of using the preponderance standard in judicial factfinding for sentencing purposes. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

Defendant disputes the evidentiary predicates for the findings of carjacking and reckless endangerment during flight that increased his sentence. The predicates were quite sound. Defendant's violent intentions at the time of the carjacking were easily inferable. See Holloway v. United States, 526 U.S. 1, 12 (1999)("intent requirement ... is satisfied when ... at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car"); United States v. Lebrón-Cepeda, 324 F.3d 52, 57 (1st Cir. 2003)(putting fire-ready weapon against driver's head established requisite intent). See also id. at 64 (intent may arise at point during carjacking subsequent to its inception)(Howard, J., concurring). His alarming conduct when confronted by the arresting police officers meets the standard of recklessness attached to U.S.S.G. § 3C1.2. Cf. United States v. Bell, 953 F.2d 6, 10 (1st Cir. 1992)(armed defendant's momentary pause before submitting to arrest did not rise to level of reckless endangerment).

The judgment of the district court is affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

[signature]

Deputy Clerk

Date: 5/24/06

By: JULIE GREGG
Operations Manager.

[cc:Kevin Fitzgerald, AFPD, Craig Moore, USA, Donald Lockhart, AUSA, Adi Goldstein, AUSA]