```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    vs.                            )    CR No. 05-016-S
                                   )
DANIEL SHEPARD                     )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Daniel Shepard has filed a "Motion Asking District Court of Rhode Island to Correct and Review Sentence under Title 18 [U.S.C.] § 3742" (Doc. # 88) in the above matter.  For the reasons that follow, that motion must be denied.

I.    BACKGROUND AND TRAVEL

Shepard was charged in a three-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) (Count 1); carjacking, in violation of 18 U.S.C. §2119 (Count 2); and using a firearm in connection with the carjacking offense, in violation of 18 U.S.C. §924(c) (Count 3).  On the eve of trial, Shepard pled guilty to the felon in possession charge (Count 1).  The two remaining charges were dismissed due to the non-appearance of the victim-witnesses.

At sentencing, this Court found a guideline sentencing range of 292-365 months, based on an offense level of 35 and a criminal history category of VI, but noted that this exceeded the statutory maximum penalty of 120 months for the offense.  (See Transcript of

Sentencing Hearing Conducted on September 1, 2005 ["Sent. Tr."] at 107-108).  The offense level included upward adjustments for serious bodily injury to a victim and reckless endangerment.  (Id. at 102-105.)[1]  Shepard was sentenced to 120 months, followed by three years of supervised release.  (Sent. Tr. at 116.)

Shepard appealed, arguing *inter alia* that the evidence on which his sentence enhancements were based should have been proved beyond a reasonable doubt and that that evidence was insufficient.  The Court of Appeals rejected his arguments and affirmed the conviction.  United States v. Shepard, Dkt. No. 05-2352 (1st Cir. May 3, 2006).  Shepard did not seek further review, and his conviction became final in August 2006.

On February 18, 2009 – approximately two and one-half years later – Shepard filed the instant motion to correct and revise his sentence under 18 U.S.C. § 3742.  In his motion, he asserts this Court erred at the sentencing hearing by considering evidence of conduct that pertained to his dismissed charges and by making findings based on a preponderance of evidence standard rather than

---

[1] The presentence report (PSR) prepared by the U.S. Probation Office also found a similar guideline range, calculated on slightly different factors.  (PSR, ¶¶ 16-24.)  Both the Government and defendant objected to the PSR, and evidence, including the testimony of three witnesses, was presented at the sentencing hearing on these matters.  Further, this Court *sua sponte* declined to include a two-level reduction for acceptance of responsibility (Sent. Tr. at 105-107).  However, these matters need not be discussed further, in view of this Court's determination that Shepard's motion is untimely.

on proof beyond a reasonable doubt. The Government has opposed the motion, arguing that it was in fact a § 2255 motion and as such was untimely. (See Government's Obj. [Doc. #89] at 3-4.)

This Court agreed that the statute on which the instant motion is based – 18 U.S.C. § 3742 – was inapplicable to the relief Shepard seeks and that the motion should be re-characterized as a motion to vacate under 28 U.S.C. § 2255. On April 15, 2009, this Court issued an Order (Doc. # 90) notifying Shepard of its intent to re-characterize his motion and permitting him an opportunity to respond. See Castro v. United States, 540 U.S. 375, 383 (2003).[2] The Order directed Shepard to show cause (a) why the instant motion should not be re-characterized as a §2255 motion to vacate, and (b) why, so characterized, the motion should not be dismissed as untimely. (Order at 2.)

---

[2] Under Castro, a petitioner is entitled to notice that his filing is being re-characterized as a § 2255 motion before it is dismissed. Castro v. United States, 540 U.S. 375, 383 (2003). Even where (as here) the motion is unquestionably untimely, some courts have held that the notice under Castro is still required, since arguably, a petitioner should be permitted to show a basis for either utilizing one of the other limitation periods under § 2255(f)(2)-(4) or for equitable tolling. Other courts have found the failure to give such notice to be harmless. Compare United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) (district court should not re-characterize filing as habeas petition and then dismiss on limitation grounds without giving prisoner notice and an opportunity to respond) with United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004) (court's failure to provide petitioner with notice of re-characterization of rule 60(b) motion as a § 2255 motion was harmless, where motion in any event was untimely). The First Circuit has not yet addressed this point. This Court, having due concern for Shepard's rights, permitted him an opportunity to respond to the re-characterization issue.

In response, Shepard filed a 20-page, single-spaced document that did not specifically address either of these two points but instead insisted that his motion under § 3742 was proper and reiterated the arguments challenging his sentence. (See Response to Order [Doc. 92].)

Subsequently, Shepard filed a motion to amend his § 3742 motion (Doc. # 95), which is further discussed infra.[3] This matter is now ready for decision.[4]

## II. DISCUSSION

The statute on which the instant motion is based – § 3742 – by its terms, applies to appellate review of a sentence by a court of appeals.[5] United States v. Auman, 8 F.3d 1268, 1270-71 (8th Cir. 1993) (noting § 3742 concerns the basis for appellate review of

---

[3] Shepard has also filed two separate motions for release from custody. See Motion to Terminate Detention (Doc. #94) and Motion Asking District Court to Grant Petitioner's Order To Be Immediately Released without Further Delay, etc. (Doc. #97). In view of this Court's disposition of Shepard's § 3742 motion, these motions will be denied by a separate order.

[4] Although Shepard has requested an evidentiary hearing, no hearing is required in connection with any issues raised by his motion, in view of this Court's conclusion, infra, that it is untimely filed.

[5] Section 3742 provides in pertinent part:

(a) **Appeal by a defendant**. – A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence –
  (1) was imposed in violation of law; [or]
  (2) was imposed as a result of incorrect application of the sentencing guidelines.

18 U.S.C. §3742(a)

district court's sentencing decisions; it does not grant jurisdiction to district court to review final sentence); United States v. Worthy, No. 01-3623, 36 Fed. Appx. 177, 178 (6th Cir. May 15, 2002) (unpublished). The phrase "in the district court" as it appears in § 3742(a) merely "directs that the notice of appeal must be filed in that court," but does not confer appellate jurisdiction on the district court. Auman, 8 F.3d at 1271. See Fed. R. App. P. 3(a)(1), 4(b)(1).

Accordingly, because the instant motion seeks to challenge Shepard's sentence, it must be re-characterized as a motion to vacate under 28 U.S.C. § 2255. See e.g., Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (noting that courts regularly re-characterize as § 2255 motions petitions which seek relief from sentence but are captioned as something else).

Shepard was given an opportunity to dispute the re-characterization of his motion as a § 2255 motion and to show why, if so characterized, it is not untimely.[6] In his response to this Court's Order, Shepard disputes the re-characterization of his motion but asserts no reasons why his motion should not be so

---

[6] Although the Court's Order did not expressly advise Shepard that he could file additional §2255 claims, see Castro, 540 U.S. at 383, this omission is not fatal, in view of this Court's determination herein that any and all § 2255 claims that Shepard has filed or could have filed are untimely. See Martin, 357 F.3d at 1200 (failure to give any notice of re-characterization of rule 60(b) motion as a § 2255 motion was harmless, where motion in any event was untimely).

5

characterized. Rather, notwithstanding his acknowledgment that his motion is not a direct appeal (Resp. to Order at 9, 15), Shepard insists that his reliance on § 3742 is correct and reiterates the arguments made in his original motion challenging his sentence enhancements. (See id. at 1-15.)[7]

Thus, this Court re-characterizes Shepard's motion as a motion to vacate under 28 U.S.C. § 2255. As such, the motion is untimely. Shepard's conviction became final in August 2006; the instant motion was filed in February 2009, some two and one-half years beyond the expiration of the one-year limitation period. Thus, it is subject to dismissal as untimely under § 2255(f)(1).[8] Moreover,

---

[7] This Court has reviewed the cases cited by Shepard in his Response and finds that none support his assertion that § 3742 is a proper basis for his motion here.

[8] Section 2255(f) provides:
   (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1) the date on which the judgment of conviction becomes final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

6

in his response Shepard does not assert any ground under which his motion, so characterized, would be timely, nor does this Court find any.  It follows that Shepard's motion must be dismissed.

Because Shepard's motion is untimely, it is unnecessary to address the merits of his claims.  This Court nonetheless notes that even if the instant motion was timely filed, the claims Shepard asserts therein were raised and rejected by the First Circuit on his direct appeal, see Shepard, No. 05-2352 at 1-2, and thus they may not be asserted here.  See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal citation omitted).

This Court's finding that Shepard's motion is untimely and must be dismissed likewise renders moot his so-called Motion to Amend Petition (Doc. #95).  The motion to amend in any event does not assert any new claims, let alone claims that would relate back, see Fed. R. Civ. P. 15, but merely reiterates the same claims that appear in his original motion to correct and review sentence.

III. CONCLUSION

For all of the foregoing reasons, Shepard's motion to correct and review sentence, as re-characterized, is DENIED and DISMISSED.

---

diligence.
28 U.S.C. § 2255(f).

Shepard's motion to amend his petition (Doc. #95) is DENIED as moot.

Shepard's two motions for release (Docs. #94, 97) will be denied by separate Order.

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because the movant has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

The movant is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> § 2255 Rule 11(a).


IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: March 8, 2010

8