```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
```

- - - - - - - - - - - - - - - -
UNITED STATES                  :
                               :
    v.                         :    CR No. 05-016 S
                               :
DANIEL SHEPARD                 :
- - - - - - - - - - - - - - - -

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before this Court are (1) a Petition for Writ of Error Coram Nobis (ECF No. 100); and (2) a document entitled "Rule 60(D)(1) Independent Action" (ECF No. 122), filed by Daniel Shepard in the above matter. For the reasons that follow, this Court denies any and all relief sought by these two filings and by the various ancillary motions filed in connection with them.

I.   BACKGROUND AND TRAVEL[1]

At just after midnight on November 9, 2004, Woonsocket police responded to a 911 call at Mason and Oak Streets in Woonsocket and found Alexander Alvarado lying on the ground, bleeding from a gunshot wound in his leg. With Alvarado was Nicholas Rodriguez. Both stated that they were riding in Alvarado's vehicle when a third occupant pointed a gun at them and demanded money. A

---

[1] Unless otherwise indicated, the facts related herein are primarily drawn from Shepard's sentencing hearing. (See Transcript of Sentencing Hr'g, Sept. 1, 2005 (hereinafter "Sent. Tr.").) Further background information in this matter is contained in this Court's Memorandum and Order denying Shepard's motion to correct a reduced sentence under 18 U.S.C. § 3742. (See Memorandum and Order 1-4, Mar. 8, 2010 (ECF No. 102) (hereinafter "Mem. & Order").)

struggle ensued, and Alvarado was shot in the leg.  The attacker then took off in Alvarado's car.

Alvarado and Rodriguez identified the attacker as a black male wearing a red jacket, whom Alvarado knew as "Shep" from having served time with him in prison.  A record check showed that Daniel Shepard was a prisoner during the relevant time span, and a statewide police alert (a "BOLO")[2] was issued for him.  Less than an hour later, Alverado's vehicle was found with its right wheels damaged in North Smithfield near a highway construction site.  A construction worker told police that he had given the driver of the vehicle, a black male wearing a red jacket, a ride into Providence.

In response to the BOLO, Providence Police began surveilling a house which Shepard was known to frequent.  At approximately 10:00 p.m. the following night, Providence Police Officers Angelo A'vant and Fabio Zuena observed Shepard in the driveway of the house and approached him.  When A'vant repeatedly asked Shepard to put his hands in the air, Shepard refused to comply and instead pulled a black handgun from his pocket, walked over to a parked car in which several occupants were seated and threw the handgun into the car.  Shepard was then apprehended and taken into custody.  The handgun was recovered from the seat of the car and found to be

---

[2] Testimony at Shepard's sentencing hearing established that "BOLO" stands for "Be On the Look Out."  (Sent. Tr. at 32.)  From the record it appears that more than one version of the BOLO alert for Shepard may have been issued, but this does not impact the result here.

loaded; the bullets matched the bullet casing that had been found the previous evening near Alvarado. At the time of his arrest, Shepard was wearing the same red jacket that had been described from the previous evening.

Shepard was subsequently charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1); carjacking in violation of 18 U.S.C. § 2119 (Count 2); and using a firearm in connection with a carjacking offense in violation of 18 U.S.C. § 924(c) (Count 3). On the eve of trial, Shepard pled guilty to the felon in possession charge. The two remaining charges were dismissed due to the non-appearance of the complaining witnesses.

Shepard was sentenced to 120 months imprisonment, the maximum statutory sentence for his offense, followed by three years of supervised release. (Sentencing Transcript 116, Sept. 1, 2005 (hereinafter "Sent. Tr.").)[3] His conviction was affirmed on appeal. United States v. Shepard, No. 05-2352 (1st Cir. May 3, 2006).

---

[3] At Shepard's sentencing the Government presented evidence of relevant conduct (as described above), through the testimony of three police witnesses and pertinent police reports and records, including the BOLO. (Sent. Tr. at 14-88.) This Court found that the applicable guideline sentencing range of 292-365 months -- based on an offense level that included upward adjustments for use of a firearm in a carjacking with serious injury resulting and for reckless endangerment -- exceeded the statutory maximum penalty for Shepard's offense. (Id. at 107-08.) Further, this Court sua sponte declined to include a two-level reduction for acceptance of responsibility. (Id. at 105-07.)

Shepard subsequently filed a motion to correct and revise his sentence under 18 U.S.C. § 3742, seeking to collaterally attack his sentence. This Court re-characterized that motion as a § 2255 motion to vacate and dismissed his claims as untimely. (Mem. & Order at 2-4.) It further noted that the claims asserted had previously been raised and rejected by the First Circuit on Shepard's direct appeal. (Id. at 4-7.) The Court of Appeals declined further review. Shepard v. United States, No. 10-1374 (1st Cir. June 7, 2010)

In March 2010 Shepard filed a petition for writ of error coram nobis, and in October 2010 he filed a "Rule 60(D)(1) Independent Action."[4] Shepard has also filed a multitude of ancillary motions and exhibits in connection with these two filings.

## II. DISCUSSION

### A. Coram Nobis

Shepard's petition for writ of error coram nobis essentially alleges that he was arrested and convicted pursuant to a conspiracy by law enforcement officials implicating him in the carjacking and related firearm offense. He claims that the BOLO targeting him was

---

[4] The Government filed an objection to the coram nobis petition but has not filed any formal objection to the so-called Rule 60(D)(1) Independent Action.

deficient and that there was no probable cause for his arrest for those offenses.[5]

At the outset, it is evident that this petition suffers from both procedural and substantive flaws. First, a writ of coram nobis cannot be used to launch postconviction attacks on sentences and convictions in lieu of the remedy provided under 28 U.S.C. § 2255. See Trenkler v. United States, 536 F.3d 85, 96-97 (1st Cir. 2008) ("[T]he strictures of section 2255 cannot be sidestepped by the simple expedient of resorting to some more exotic writ."). Here, that is exactly what Shepard is attempting to do, as the substance of his petition squarely challenges both his conviction and sentence. Accordingly, the petition is really a § 2255 motion to vacate. As such, it must be dismissed as a second or successive § 2255 petition and as untimely. See Trenkler, 536 F.3d at 97-98.

Even if considered on the merits, the petition fails. The writ of error coram nobis is an ancient writ which today exists as an "extraordinary remedy" to modify or set aside a judgment,

---

[5] In his petition Shepard alleges "a Conspiracy to Fabricate Evidence, Suppress Material Evidence, Rig Up Police Reports and Significant Material Document[s]," including "Falsely Proclaimed Warrants, Arrest[] Warrants and Municipal Active Court Warrants to Justify an Unlawful Probable Cause [for the purpose] of Framing Petitioner by Orchestrating [his] False Identification As a Suspect of a Carjacking and Shooting." (Pet. at 3-4.) The petition and accompanying memorandum and exhibits comprise more than 100 pages of handwritten, single-spaced pages containing prolix and repetitive allegations and lengthy excerpts (or purported excerpts) from transcripts of proceedings in Shepard's criminal case. He has also filed numerous supplemental filings and motions pertaining to his claims.

allowed "only under circumstances compelling such action to achieve justice." United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)). To obtain coram nobis relief, a petitioner must (1) explain his failure to seek relief from the judgement earlier; (2) demonstrate continuing collateral consequences from his or her conviction; and (3) prove that the error is fundamental to the validity of the judgment. Sawyer, 239 F.3d at 38; accord Barreto-Barreto v. United States, 551 F.3d 95, 103 (1st Cir. 2008).

Here, Shepard does not come close to satisfying any of these prerequisites. He provides no cogent reason in his petition for the delay of more than four years in bringing it, nor has he shown any fundamental error to the validity of his judgment and sentence. His assertions of fabrication and corruption of evidence by law enforcement officials are without any basis and must be rejected. This Court notes that Shepard was indicted by a federal grand jury for the carjacking and related firearms offense and that the reason those offenses were dismissed was the failure of the complaining witnesses to appear on the date of trial.

Moreover, at the change of plea hearing, Shepard admitted that he possessed a firearm, and he understood that the maximum statutory penalty for that offense was 120 months. (Change of Plea Hr'g Transcript 7-8, June 13, 2005 (hereinafter "Plea Tr.").) In addition, as the Court of Appeals observed, the evidence adduced at

sentencing under the preponderance standard was proper, and the proceedings were in accordance with First Circuit law. See Shepard, No. 05-2352 at *2 (citing United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005)). Thus, Shepard's coram nobis petition, to the extent it can even be considered, must be denied.

B. Rule 60(d) Motion

In his Rule 60(D)(1) Independent Action,[6] Shepard alleges a conspiracy to commit fraud on the court by the prosecutor, the Providence and Woonsocket Police, and his defense counsel, and seeks relief pursuant to the Hazel-Atlas doctrine. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), overruled on other grounds, Standard Oil Co. of California v. United States, 429 U.S. 17 (1976) (where there was a fraud upon the court, the Court of Appeals had both the power and the duty to vacate its own

---

[6] Fed. R. Civ. P. 60(d) provides:

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
(3) set aside a judgment for fraud on the court.

In view of the Rule and the relief sought, this Court construes the so-called Rule 60(D)(1) Independent Action as a motion seeking relief under Fed. R. Civ. P. 60(d)(3) (hereinafter "Rule 60(d) motion"). Shepard concurs with such a construction. (See Shepard's letter to the Clerk of this Court, Jan. 18, 2011, ECF No. 136, referring to a previously-filed motion to "correct" the reference to Rule 60(d)(1) to Rule 60(d)(3). (No such motion to correct has been located on the docket for this matter.))

7

judgment, even though the request for relief was untimely). Shepard claims that defense counsel and the police conspired to use false police reports concerning the carjacking and events leading to Shepard's arrest and that his arrest was based on an improper Municipal Court warrant and otherwise lacked probable cause.

Like Shepard's coram nobis petition, the Rule 60(d) motion suffers from threshold procedural defects. This Court construes the motion to be in the nature of a motion seeking relief under Fed. R. Civ. P. 60(b). Because it attacks Shepard's conviction and sentence, the motion is in essence a request for relief under § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (holding that if a Rule 60(b) motion seeks relief from the underlying judgment of conviction, the court should construe the Rule 60(b) action as a second or successive § 2255 motion and dismiss it accordingly; only where a Rule 60 motion attacks an irregularity in prior habeas proceedings may the motion be adjudicated on its merits); Galatolo v. United States, 394 Fed. Appx. 670 (11th Cir. 2010) (Rule 60(d)(3) motion construed in part as a § 2255 motion, based on similar principles).

Here, Shepard's Rule 60(d) motion clearly challenges his underlying conviction and sentence. So construed, the motion is subject to dismissal as an untimely, or second or successive, §

2255 motion.[7]  Gonzalez, 545 U.S. at 531-32.  See Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) (holding that Rule 60 motions that are deemed second or successive § 2255 motions must be dismissed absent pre-certification from the appropriate circuit court of appeals).

Even if this Court were to consider the instant Rule 60(d) motion on its merits, it fails to state a claim for relief.  Fraud on the court typically refers to "an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter involving an officer of the court."  United States v. 6 Fox Street, 480 F.3d 38, 47 (1st Cir. 2007) (internal quotations and citation omitted) (citing Hazel-Atlas, 322 U.S. 238).  Such fraud must be shown by clear and convincing evidence.  Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); see also United States v. Ouimette, CA No. 99-489 ML, CR No. 95-029 ML, 2010 WL 1839419 (D.R.I. May 6, 2010) (same, in postconviction context).

In the instant case, the claims raised in Shepard's Rule 60(d) motion are essentially similar, if not identical, to the claims raised in Shepard's petition for writ of coram nobis, which are without merit.  See supra at __.  The allegations made by Shepard

---

[7] While Shepard purports to challenge the integrity of the proceedings before this Court, that challenge concerns the proceedings leading up to his conviction and sentence, and not the integrity of any post-conviction proceedings.

9

in connection with his fraud on the court claims – that counsel and police conspired to frame him and improperly link him to the carjacking incident – are conclusory and contradicted by the record. Nothing in the allegations concerning the Municipal Court warrant, discrepancies in police reports concerning the events in question, or any other circumstances raised by Shepard comes close to showing fraud on the court such that a miscarriage of justice would occur if his conviction were to stand.

Rather, the evidence at sentencing showed that Shepard was identified and described by one or both carjacking victims, that a third party drove him from an area near the victim's abandoned vehicle to Providence, and that when he was arrested the next evening, Shepard wore the same jacket and possessed the same handgun as that he did the preceding night. As the First Circuit noted, "the evidentiary predicates for the findings of carjacking and reckless endangerment . . . were quite sound," and provided ample support for sentencing enhancements. Shepard, No. 05-2352 at *2. This conclusion is reinforced by the undersigned's personal observations of the evidence, witnesses and counsel during the underlying proceedings, including suppression, change of plea and sentencing. Thus, Shepard's Rule 60(d) motion is meritless.

C. Motions to Amend

Shepard has also filed motions to amend both his coram nobis petition and his Rule 60(d) motion. (ECF Nos. 127, 128.) With these motions, he has filed a document entitled "Motion under the

Nature of Coram Nobis and/or Motion Pursuant to Rule 60(D)(1)," (ECF No. 129) which appears to be a proposed consolidated motion revising and combining his coram nobis petition and Rule 60(d) motion. This document contains no new claims and simply reiterates and rehashes the claims and supporting allegations contained in the original coram nobis petition and Rule 60(d) motion – which have been determined to be without merit. See supra at 4-10.

Because the proposed amended motion contains no viable claim, permitting it to proceed would be futile. Thus, both motions to amend must be denied. See Muskat v. United States, 554 F.3d 183, 195-96 (1st Cir. 2009) ("The law is settled that futility is a sufficient basis for denying leave to file an amended complaint.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

D. Ancillary Motions

Shepard has filed multiple motions in connection with his two principal motions, seeking to add exhibits, to document his efforts to obtain information from various law enforcement agencies, and/or to request that this Court take various actions pertaining to his case.[8] In view of this Court's rulings, supra, on Shepard's coram

---

[8] The 20+ ancillary filings made by Shepard in connection with his coram nobis petition and Rule 60(d) motion include the following:

- Motions or Notices concerning the filing of supplemental memoranda or new materials/exhibits in support of either the coram nobis petition or the Rule 60(d) motion (ECF Nos. 114, 119, 120, 121, 124, 125, 126, 129, 130, 132, 138);
- Motion Asking Court to Immediately Rule in Movant's Favor, or Hold Immediate Hearing on Coram Nobis Petition (ECF No. 110);

nobis petition, Rule 60(d) motion, and motions to amend, his ancillary motions will likewise be denied.

III. CONCLUSION

For the foregoing reasons this Court RULES as follows:

1. The petition for writ of error coram nobis (ECF No. 100) is DENIED and DISMISSED.

2. The Rule 60(D)(1) Independent Action (ECF No. 122), as re-characterized as a motion for relief under Fed. R. Civ. P. 60(d)(3), is DENIED and DISMISSED.

3. Shepard's motion to amend the coram nobis petition ECF No. 128), his motion to amend the Rule 60 (D)(1) Independent Action (ECF No. 127), and the proposed consolidated motion (ECF No. 129) are DENIED.

4. All ancillary motions filed by Shepard, as set forth in note 8 supra, including his requests for the appointment of counsel, are DENIED.

5. In view of the excessive number of repetitive and frivolous filings made in connection with this matter, Shepherd is hereby directed not to file any further motions concerning the matters contained in the foregoing motions, apart from filings directly relating to any appeal he may take from the rulings herein, without first

---

- "Motions" or Notices alerting the Court of Shepard's attempts to obtain documents (ECF Nos. 111, 112, 113, 125, 130);
- Motion for Discovery per Rule 6(b) [of the Rules Governing § 2255 Proceedings] or in the alternative, for the appointment of counsel (ECF No. 115);
- Motion to Appoint Counsel and/or Investigator (ECF No. 133);
- Motion for Release from Custody or in the Alternative to Receive Brady/Giglio Material (ECF No. 123);
- Motions requesting that this Court order the Government to take certain action (ECF No. 118);
- Motion for Hearing to Address Petitioner's Incarceration (ECF No. 131);
- Motion to Compel the Government to Serve its Memorandum (ECF No. 118); and
- Motion to Proceed In Forma Pauperis (ECF No. 139)

seeking and receiving permission of the Court or designated Magistrate Judge.

IT IS SO ORDERED:

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: March 3, 2011